UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI LYNN WALTERS, | No. 2:16-cv-2818 MCE AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA,[1] | |
| Defendant. | |

Plaintiff is proceeding in this removed action pro se.  The action was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21).

On October 24, 2016, plaintiff filed an action in Sacramento Small Claims Court, naming "Rob Halbertson" and the Post Office as defendants.  ECF No. 1-4.  Plaintiff sought to recover $25 for a dress that the Post Office failed to deliver.  See id.  Much to her surprise, no doubt, plaintiff now finds herself in federal court suing the United States of America, the case having

---

[1] Plaintiff initially named "Rob Halbertson" and "United States Post Office, as Agent for Rob Halbertson" as defendants.  ECF No. 1-4 at 3.  Under the authority of 28 U.S.C. § 2679(d)(2), an Assistant U.S. Attorney has certified that the named individual defendant is actually "Robbie Halverson," "an employee of the United States Postal Service" who was "acting within the course and scope of his employment at the time of the incident out of which this suit arose."  ECF No. 1-1.  The court has accordingly substituted the United States as the party defendant.  See 28 U.S.C. § 2679(d)(2) (upon certification, "the United States shall be substituted as the party defendant").

1

been "removed" to this court under the authority of 28 U.S.C. §§ 1442(a)(3), 2679(d)(2).

On December 5, 2016, the United States moved to dismiss the case for lack of federal jurisdiction, and noticed a hearing on the motion for January 25, 2017.  ECF No. 4.  Plaintiff has not filed an opposition, nor any other response, to the motion.

Local Rule 230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Local Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  In addition, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Good cause appearing, IT IS HEREBY ORDERED that:

1. The motion hearing date of January 25, 2017 is CONTINUED to February 22, 2017, at 10:00 a.m. in Courtroom No. 26 before the undersigned; and
2. Plaintiff shall file an opposition – or a Statement of Non-Opposition – to the motion, no later than February 8, 2017.  Failure to file an opposition or to appear at the hearing will be deemed as a statement of non-opposition and may result in a recommendation that this action be dismissed for lack of prosecution under Federal Rule of Civil Procedure ("Rule") 41(b), and/or for failure to comply with the court's order under Local Rule 110.

DATED: January 23, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE