PHILLIP A. TALBERT
United States Attorney
BOBBIE J. MONTOYA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2775

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI LYNN WALTERS,<br><br>          Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 2:16-CV-02818-MCE-AC<br><br>STIPULATION FOR COMPROMISE SETTLEMENT AND DISMISSAL; ORDER THEREON |

      Plaintiff Terri Lynn Walters, *in pro per*, and defendant United States of America, by and through its undersigned counsel, hereby agree and STIPULATE that this action be settled, compromised and dismissed in accordance with the following terms:

      1. Under the terms and conditions set forth in this Settlement Agreement ("Agreement"), the parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the circumstances alleged in Plaintiff's claim, ECF 1-1.

      2. Defendant the United States of America will pay to Plaintiff Terri Lynn Walters (hereinafter referred to as "Plaintiff") the total sum of Twenty-Six and 50/100 Dollars ($26.50), in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reasons of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or her

guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, or any of its agencies, agents, servants, employees or former employees.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sum set forth in this Agreement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agencies, agents, servants, employees and former employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.

4. This Agreement is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agencies, agents, servants, employees or former employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party that arises out of the claims released and discharged by this Agreement.

6. It is also agreed by and among the parties that the settlement amount of Twenty-Six and 50/100 Dollars ($26.50) to Plaintiff, represents the entire amount of the compromise settlement, and the respective parties will each bear their own costs, fees, and expenses.

7. It is also understood by and among the parties that attorneys' fees, if any, which are not to exceed 25% of the total settlement sum payable to Plaintiff, shall be paid from, and not in addition to, the principal sum of this compromise settlement, as provided in 28 U.S.C. § 2678, as amended.

8. It is agreed by and among the parties that, in consideration for settlement of this matter, all outstanding or future bills, liens or attorneys' fees will be the sole responsibility of the plaintiff.

9. Payment of the settlement amount from the United States will be made by check drawn on the U.S. Postal Service for Twenty-Six and 50/100 Dollars ($26.50) and made payable to "Terri Lynn Walters." The check will be mailed to the following address: Terri Lynn Walters, 3920 67th Street, Sacramento, CA 95820. Ms. Walters' taxpayer ID/Social Security number is:_____ (redacted pursuant to E.D. Cal. R. 140(a)(iii)). Plaintiff is responsible for payment for any taxes that may be due on the settlement proceeds, and the United States makes no representation as to any tax consequences or liabilities Plaintiff may incur as a result of this settlement.

10. Plaintiff has been informed that payment may take sixty days or more to process, but the United States agrees to make good faith efforts to expeditiously process said payment.

11. The parties agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

12. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original cause(s) of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court.

13. Payment of the above sum shall constitute a complete release from and bar to any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, which plaintiff and her guardians, heirs, executors, administrators or assigns may have or hereafter acquire against the United States of America, its agencies, agents, servants, employees and former employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify, defend and hold harmless the United States of America, its agencies, agents, servants, employees and former employees, individually, and/or in their official capacities, from and against any and all such causes of action, claims, liens, rights, outstanding attorneys' fees, or subrogated or contribution interests incident to or resulting from further litigation or

the prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

14. As to the claims, demands, causes of action and liabilities released herein, Plaintiff expressly waives to the fullest extent permissible under law, any and all rights under Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff having been apprised of the statutory language of California Civil Code Section 1542 and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by her to be true, the Agreement shall be and remain effective notwithstanding such material difference.

15. Plaintiff represents and warrants that she is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which she purports to release or assign herein, and that she has not heretofore assigned or transferred or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify the United States of America and its agencies, agents, employees, and former employees, named and unnamed, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer, or any such purported or attempted assignment or transfer, of any claims or other matters released or assigned herein.

16. The parties agree that this Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

17. The parties hereto acknowledge that each has read this Agreement, that each fully understands its rights, privileges and duties under the Agreement, and that each enters this Agreement

freely and voluntarily.  Each party further acknowledges that each has had the opportunity to consult with an attorney of its choice to explain the terms of this Agreement and the consequences of signing it.

18.  The undersigned each acknowledge and represent that no promise or representation not contained in this Agreement has been made to them and acknowledge and represent that this Agreement contains the entire understanding between the parties and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein.

19.  This Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

20.  All parties agree that this Agreement may be signed in counterpart.  All such counterparts and signature pages, together, shall be deemed to be one document.

21.  Upon approval by the Court as provided below, Plaintiff's action against the United States is hereby DISMISSED WITH PREJUDICE in its entirety, and the Clerk of the Court is required to enter this dismissal and release in the official docket and to close the case.

IT IS SO STIPULATED.

DATED: January 24, 2017                     */s/ Terri L. Walters*
                                              TERRI LYNN WALTERS
                                              Plaintiff, *In Pro Per*


DATED: January 25, 2017                     PHILLIP A. TALBERT
                                              United States Attorney


                                By:     */s/ Bobbie J. Montoya*
                                              BOBBIE J. MONTOYA
                                              Assistant U.S. Attorney

                                              Attorneys for United States of America

**ORDER**

Given the foregoing stipulation for dismissal by the parties, and good cause appearing, this action is hereby dismissed, with prejudice, each side to bear its own costs and attorney's fees. Since this matter is now concluded in its entirety, the Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Dated: January 31, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE